```
                        United States Bankruptcy Court
                        Eastern District of Pennsylvania
```

In re:                                                         Case No. 20-11144-elf
John R. Hall, Jr.                                              Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2       User: ChrissyW            Page 1 of 1             Date Rcvd: Sep 21, 2020
                           Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 23, 2020.
db              +John R. Hall, Jr.,    1726 North Uber Street,    Philadelphia, PA 19121-3128

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 23, 2020                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 21, 2020 at the address(es) listed below:
          MICHAEL D. SAYLES    on behalf of Debtor John R. Hall, Jr. midusa1@comcast.net,
           michaeldsaylesesq@comcast.net;r43253@notify.bestcase.com
          REBECCA ANN SOLARZ    on behalf of Creditor   Pennsylvania Housing Finance Agency
           bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor   US BANK, NATIONAL ASSOCIATION (AS TRUSTEE FOR
           PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
           philaecf@gmail.com
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
          WILLIAM EDWARD CRAIG    on behalf of Creditor   AmeriCredit Financial Services, Inc. dba GM
           Financial ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                             TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| John R. Hall Jr.<br>        <u>Debtor</u> | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>        <u>Movant</u><br>vs. | NO. 20-11144 ELF |
| John R. Hall Jr.<br>        <u>Debtor</u><br>William C. Miller, Esquire<br>        <u>Trustee</u> | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,978.16** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2020 to September 2020 at $551.52/month |
| Late Charges: | March 2020 to August 2020 at $14.42/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$4,978.16** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$4,978.16.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$4,978.16** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $551.52 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 8, 2020    By: /s/ Rebecca A. Solarz, Esquire
    Attorney for Movant

Date:_____    *Michael D. Sayles, Esquire*
    Michael D. Sayles, Esquire
    Attorney for Debtor

Date: 9/18/2020    /s/ LeRoy W. Etheridge, Esq. for
    William C. Miller, Esquire
    Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies

**O R D E R**

Approved by the Court this 21st day of September, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank